CRAVENS & CRAVENS, Inc., a Corporation, Appellants,

v.

DEPARTMENT OF FINANCE, Commonwealth of Kentucky, Appellee.

Court of Appeals of Kentucky.

April 18, 1958.

Frank G. Gilliam, Lexington, for appellants.

Paul E. Hunley, Dept. of Finance, Frankfort, for appellee.

CLAY, Commissioner.

In this suit by the plaintiff appellant against the State Department of Finance, the plaintiff sought a declaration of rights and damages for the alleged abandonment of a contract by the Commonwealth. A summary judgment was entered for the defendant.

The petition alleges that plaintiff was a successful bidder on the proposed construction of Butler Park Lodge, which was a project approved by the State Property and Buildings Commission. It is alleged on December 12, 1955 the plaintiff executed a "contract agreement" and a performance bond. Two or three months later plaintiff was advised that this project had been abandoned. Plaintiff claims damages based upon lost profits.

The complaint does not allege that the authorized agents of the Commonwealth executed this contract, and the copy of the contract filed with the complaint is not signed on behalf of the State Property and Buildings Commission or the Department of Finance. Affidavits were filed by the defendant which show that this proposed contract was not approved by the Department of Finance.

In their briefs counsel for both parties present arguments with respect to the significance of the affidavits on the motion for summary judgment. While some of the statements therein were not relevant to the issue, they do establish that the Department of Finance did not approve or execute this contract. Since plaintiff did not allege or offer to prove otherwise, there is no issue of fact with respect to the non-approval of the contract by this department.

KRS 45.150 provides, among other things, that no contract for the construction of buildings (involving the expenditure of more than $10,000) shall be entered into unless the execution of the contract is approved and authorized by the Department of Finance.

KRS 56.470, relating to the Property and Buildings Commission, effective when plaintiff executed the agreement, provided specifically that the awarding of contracts should be in accordance with KRS Chapter 45. It is therefore clear that without the approval of the Department of Finance, the Property and Buildings Commission could not enter into a binding contract on behalf of the Commonwealth.

The approval or non-approval of the Department of Finance was the controlling fact in this controversy. There was no issue concerning this fact. The proposed agreement was not so approved. Plaintiff had no contract with the Commonwealth. Therefore there was no basis for plaintiff's claim, and the defendant was entitled to judgment as a matter of law.

The judgment is affirmed.